## Josiah Hills *vs.* James Rice.

Where beasts are impounded under the *stat.* 1834, *c.* 137, and replevied, the action may be rightly brought against the person who signs the certificate left with the pound keeper, claiming payment for the impounding.

That statute repeals the provision in the *stat.* 1821, respecting the impounding of beasts, *c.* 128, which authorizes and requires towns to choose field-drivers.

Since the act of 1834 took effect, if a field driver be chosen by a town, he has no authority, *as field-driver,* to impound beasts; and cannot protect himself for so doing as a town officer, under the *stat.* 1831, *c.* 518, § 5.

Exceptions from the District Court, for the Middle District, Redington J. presiding.

Replevin for ten cattle. The defendant proved, that the cattle mentioned in the writ were found on land of *D. F. Harding, Esq.,* and that by *Harding's* request the witness called on the defendant, and desired him to drive the cattle to the pound, and that the defendant did, at the request of *Harding,* drive them to the pound. At the time of the impounding, the following certificate was left with the pound keeper. " *Union, May* 14, 1835. By the order of *Daniel F. Harding,* I have taken from his field, ten head of cattle, and put them into your pound. I demand of the owner of the cattle, twenty-five cents per head for my trouble. *D. F. Harding* demands for his damage that the said cattle have

done, ten dollars. *James Rice*, Field Driver." On the next day, *May* 15, the cattle were advertized by the pound keeper, and then replevied by the plaintiff. *Rice* was chosen by the town, field driver.

*Harding*, for the defendant, contended, that the *stat.* 1834, c. 137, respecting pounds, did not repeal the *stat.* 1821, c. 128, entirely, absolutely and wholly, but only such parts as are inconsistent with it. 6 *Dane's Ab.* c. 196, *art.* 2, $ 8 ; *American Common Law Reports, Abridged*, 1304. The office of field driver is not abolished, as being inconsistent with *stat.* 1834. The legislature did not so intend. Aged and infirm persons, women and children must impound by others, and the law has provided field drivers to do this duty, and it is indispensible. Towns are empowered to choose field drivers among the " other usual town officers." *Stat.* 1821, c. 114. As the office of field driver is not abolished, the action cannot be maintained against the defendant, because he is protected by *stat.* 1831, c. 518, $ 5. Any person may legally commit to pound, cattle doing damage by the aid of a field driver. The action should not be brought against the person putting the cattle into the pound, but against the person ordering them to be impounded. *Stat.* 1834, c. 137, $ 8. The certificate delivered to the pound keeper in its purport, is such as is required by the *stat.* 1834, and is sufficient, although signed by the agent or field driver.

*J. S. Abbott*, for the plaintiff, after remarking, that the principal question was settled by the case, *Eastman* v. *Rice*, 14 *Maine R.* 419, contended, that the action was brought against the right person. He was the person putting them in pound, and he signed the certificate. The statute requires, that the action shall be brought against the impounder, but it also requires a certificate to be left, signed by the impounder. The certificate was not only signed by the defendant, but he demanded damages on his own account, as well as for a third person. *Rice* was not a field driver, and therefore was not protected, as a town officer by the *stat.* 1831, c. 518, $ 5. The statute providing for the choice of field drivers was repealed by the statute of 1834, and being chosen by the town as such, does not make him one.

The opinion of the Court was by

SHEPLEY J. — It is provided by *stat.* 1834, *c.* 137, § 8, that the action of replevin shall be brought against the impounder, and not against the pound keeper. The fifth section provides, that "the impounder shall send or deliver to the pound keeper a certificate," the form of which is prescribed. The twelfth section provides, that "the party impounding such beast or delivering the same to the pound keeper shall receive a reasonable compensation for his trouble to be determined by the pound keeper," subject to the limitation, that it is not to exceed one half of the forfeitures mentioned in the second section. The defendant filed a certificate, though it may be a defective one, and signed it as field driver, and claimed the compensation for his trouble allowed by the statute. The person who delivers the certificate and claims the pay for impounding, appears to be the one, to whom the statute refers as the impounder; and the action is rightfully brought against him, unless he is protected by the fifth section of the act of *March* 31, 1831, *c.* 518, which provides, "that in no case shall any town or plantation officer incur a penalty, or be made to suffer in damages by reason of his official acts or neglects, unless the same shall be un-reasonable, corrupt or wilfully oppressive." Provision was made by *stat. c.* 128, § 1, act of *March* 20, 1821, for the choice of field drivers annually. The thirteenth section of the act of *March* 12, 1834, repeals all acts and parts of acts inconsistent with its provisions, "particularly an act respecting pounds and impounding beasts going at large or damage feasant, passed *March* 20, 1821." It is contended, that the whole act is not repealed, but such parts only as are inconsistent with the provisions of the act of 1834. The obvious meaning of the language is, that the act of *March* 20, 1821, in particular is repealed, and all other inconsistent acts and parts of acts. That this was the intention is more clearly apparent from the last part of the same clause repealing "an act respecting lost goods and stray beasts, passed *January* 27, 1821, so far as it regards stray beasts," and shewing, that when the intention was not to repeal the whole of the act named, there is found a restriction or qualification of the general language. The duty of choosing field drivers, is no longer imposed upon the towns ; nor are there any duties imposed upon such officers, or oaths required

of them, or authority given to them to impound.　If such officers may now exist, they must be chosen by virtue of the provision in *c.* 114, § 1, which *requires towns to choose annually certain* enumerated officers " and other usual town officers." Whether that phrase can be understood to refer to any other than the usual town officers provided for by law, need not now be decided, because the act of 1831 does not protect any officers, if any such there may be, from any but " official acts or neglects ;" and there properly can be no official act, where it is neither authorized nor required by law.　It is said, that such a construction must operate hardly upon a class of the community, who by reason of age, infirmity, or other cause, cannot *personally protect their own property* by impounding ; but the statute makes provision, that the certificate may be sent to the pound keeper, and all the other necessary acts may as well be performed by a private agent, as by one provided by the public.

The act of 1834 does not require any act to be performed by a field driver, or recognize the existence of such an officer, and this affords additional evidence of the intention of the legislature to repeal entirely the act of 1821.　The action appears to have been correctly brought against the defendant as the impounder; and the act of impounding being neither authorized nor required by law, the defendant can find no protection under the act of 1831, from suffering the consequences, which may arise out of it.

　　　*Exceptions overruled, and judgment for the plaintiff.*