## JONATHAN EASTMAN *vs.* SAMUEL HILLS & *al.*

The *st.* 1834, *c.* 137, concerning pounds, &c. does not require, that the impounder of beasts should personally drive them to the pound, or deliver them to the pound keeper, and he may employ others to perform that service ; but the certificate which is to be *sent or delivered* to the pound keeper, must be the personal act of the impounder, or if he employs the hand of another to make the certificate, it should be done in the name of the party impounding.

The certificate left with the pound keeper determines who is to be regarded as the impounder, and the action of replevin for the beasts may be rightly brought against the person who signs such certificate in his own name.

THE action was replevin for seven cows, alleging that the defendants took the cows, the property of the plaintiff, and detained them in the town pound. The defendants in their brief statement alleged, that *D. F. Harding* took and detained the cattle in the town pound, and that *Harding*, being infirm and unable to travel, they drove the cattle and did whatever was necessary to commit them to the pound as the agents of said *Harding*, and that the action ought to have been brought against said *Harding*, as the

impounder, according to the statute. The certificate left with the pound keeper was as follows.

" To the pound keeper of *Union.* The undersigned *Samuel Hills*, a field driver of *Union*, herewith commits to pound seven cows, (describing them) taken up in the inclosure of *D. F. Harding.* And the said *Harding* demands thirty dollars for damage, and the charges for impounding the same.        *Samuel Hills.*"

The defendants produced a receipt from the pound keeper, showing that *Harding* paid the fees for impounding.

*J. S. Abbott*, for the plaintiff, cited and relied upon *Eastman v. Rice*, 2 *Shepl.* 419 ; and *Hills* v. *Rice*, in this county, (17 *Maine R.* 187,) as decisive of the present questions. The certificate was signed by *Hills*, a the impounder, and the suit is rightly brought against him.

*Harding*, for the defendants, contended, that the decisions in the cases referred to, were founded upon a different state of facts, and therefore were not decisive of this. Here the certificate is not signed by *Hills* as field driver. The damage demanded is by *Harding*, and he pays the pound keeper his fees. *Hills*, acting but as *Harding's* servant, is not liable to the suit.

The opinion of the Court was drawn up by

WESTON C. J. — It being understood, that there was no legal justification for impounding the cattle, replevied in this case, the only question presented is, whether the action should not have been brought against *Daniel F. Harding*, as the impounder, in pursuance of the statute of 1834, *c.* 137, section eighth. It is not necessary, that the impounder should in person take the cattle and drive them to the pound, or deliver them to the pound keeper. He may employ agents to do this service. *Hills* v. *Rice*, 17 *Maine Rep.* 187. But the fifth section of the statute requires, that the impounder shall send or deliver to the pound keeper a certificate of the same purport with the form, there prescribed. This is to be a personal act, or if the party impounding employs the hand of another to make the certficate, it should be done in his name. In our opinion, that paper determines who is to be regarded as the impounder, and is the proper evidence of that fact. In the certificate, which is made part of this case, the defendant *Hills*, and not *Harding*,

represents himself as the impounder. He speaks of himself as field driver, but that affords him no protection, as was decided in *Hills v. Rice.* The averment in the brief statement, that *Harding* was the impounder, not being sustained, and no other defence being set up, according to the agreement of the parties, the defendants are to be defaulted, and judgment rendered for the plaintiff for the damages agreed, and costs.